FILED
U.S. DISTRICT COURT
BRUN. DIV.
2011 AUG 23 PM 12:07
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TYRONE E. BROWN,

    Plaintiff,

v.

TOMMY GREGORY, Sheriff;
CHUCK BYERLY; APRIL
PALMER; and Nurse ZEE,

    Defendants.

CIVIL ACTION NO.: CV211-115

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently detained at the Camden County Jail in Woodbine, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

In his Complaint, which he attempts to file on behalf of two (2) other detainees, Plaintiff states that the food at the Jail is often served cold and the amount of food and food choices are not up to his standards. Plaintiff also states that the Jail is overcrowded, and, if there were an emergency, it would be difficult for the detainees to exit in a reasonable time. Plaintiff also states that there are spiders, worms, and other insects in the housing unit, the plumbing does not work, some detainees do not have water, and the detainees are not receiving the proper cleaning supplies. Plaintiff further states that the detainees are suffering from the lack of medical treatment. Finally, Plaintiff states that the Jail should perform mental health screening, which personnel is not performing.

AO 72A
(Rev. 8/82)

Plaintiff's allegations do not reveal how his constitutional rights were violated. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to meet this standard, his Complaint should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 25 day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)